T.C. Memo. 2011-266

UNITED STATES TAX COURT

ANDREW DEAN SHELTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14981-09.                    Filed November 10, 2011.

Andrew Dean Shelton, pro se.

<u>James A. Kutten</u>, for respondent.

MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  The issues for decision, relating to
petitioner's 2007 Federal income tax return, are whether
petitioner is entitled to an alimony deduction and whether

petitioner is liable for a section 6662(a)[1] accuracy-related penalty. The parties submitted this case fully stipulated pursuant to Rule 122.

## Background

Petitioner married Valerie R. Shelton in 2003. On November 23, 2007, petitioner and Ms. Shelton entered into a marital settlement agreement (settlement agreement), which provided mutually agreed-upon terms for their divorce. The settlement agreement required petitioner to pay Ms. Shelton $25,000 "representing her share of his separation pay from the military, in addition to any interest she claims in the real estate and furniture still in the marital home." The settlement agreement further stated that the payment "constitutes full and final settlement of any additional claims to a share of assets" and that each party waived any claim for maintenance from the other party.

On November 29, 2007, the Circuit Court for the Twentieth Judicial Circuit in St. Clair County, Illinois, entered a judgment of dissolution of marriage (divorce decree) terminating petitioner's and Ms. Shelton's marriage. The divorce decree

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

stated that each party was barred from asserting any claim "for maintenance, formerly known as alimony," and it incorporated by reference the terms of the settlement agreement.

In December 2007, petitioner paid Ms. Shelton $25,000 (the payment).[2]  In April 2008, petitioner filed a Federal income tax return relating to 2007 and deducted, as alimony, $25,000.  In a statutory notice of deficiency dated March 20, 2009, and relating to 2007, respondent determined petitioner was not entitled to the alimony deduction and was liable for a section 6662(a) accuracy-related penalty.  On June 19, 2009, petitioner, while residing in Illinois, filed his petition with the Court.

### Discussion

Petitioner contends that the payment is alimony and is, therefore, deductible.  Respondent contends that none of the payment is deductible because it does not qualify as alimony and is instead a division of marital property.

An individual may generally deduct payments made during the taxable year to the extent that those payments are alimony or separate maintenance includable in the recipient's gross income.  See sec. 215(a) and (b).  Section 71(a) requires amounts received as alimony to be included in gross income.

---

[2]Petitioner paid Ms. Shelton $24,000 by wire transfer on Dec. 5, 2007, and $1,000 by check dated Dec. 6, 2007.

In order to qualify as alimony, the payment must meet the requirements of section 71(b)(1)(A) through (D).  Because the payment does not meet the requirements of section 71(b)(1)(B), we need not address whether it meets the other requirements. Section 71(b)(1)(B) requires that the divorce instrument "not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215".  The divorce decree provides clear, explicit, and express direction that neither party shall receive alimony or a separate maintenance payment.  See Estate of Goldman v. Commissioner, 112 T.C. 317, 323 (1999), affd. without published opinion sub nom. Schutter v. Commissioner, 242 F.3d 390 (10th Cir. 2000).  Accordingly, the payment does not meet the requirements of section 71(b)(1)(B), and thus petitioner is not entitled to a deduction pursuant to section 215.[3]

Respondent further determined that petitioner is liable for a section 6662(a) accuracy-related penalty relating to 2007. Section 6662(a) and (b)(1) imposes a 20-percent penalty on the amount of any underpayment of tax attributable to negligence or

---

[3]Pursuant to sec. 7491(a), petitioner has the burden of proof unless he introduces credible evidence relating to the issue that would shift the burden to respondent.  See Rule 142(a).  Our conclusions, however, are based on a preponderance of the evidence, and thus the allocation of the burden of proof is immaterial.  See Martin Ice Cream Co. v. Commissioner, 110 T.C. 189, 210 n.16 (1998).

disregard of rules or regulations.  Respondent bears, and has met, the burden of production relating to this penalty.  See sec. 7491(c); <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001). Moreover, petitioner did not act with reasonable cause and in good faith.  The divorce decree explicitly stated that neither party was entitled to alimony, yet petitioner proceeded to claim an alimony deduction.  Accordingly, we sustain respondent's determination.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.